UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| BERNADETTE P.,[1] | ) |
|        Plaintiff, | ) |
| v. | ) Case No. 2:21-cv-392 |
| KILOLO KIJAKAZI, | ) |
| Acting Commissioner of Social Security, | ) |
|        Defendant. | ) |

**OPINION AND ORDER**

This matter is before the court on the Motion for Reversal with Remand for Further Administrative Proceedings and Development Under Sentence Four of 42 U.S.C. § 405(g) [DE 19], filed by the defendant, the Acting Commissioner of Social Security, Kilolo Kijakazi, on July 27, 2022. For the following reasons, the Motion [DE 19] is **GRANTED.**

*Background*

The plaintiff, Bernadette P., filed a petition for judicial review of the decision of the Commissioner [DE 1] on December 20, 2021. Initially, the Appeals Council vacated the decision of the Administrative Law Judge (ALJ) because the ALJ erred in the Step Four finding regarding the plaintiff's ability to perform her past relevant work.  Now, in the instant motion, the Commissioner is requesting that this case be remanded because the Appeals Council also erred in the Step Four finding and therefore a new hearing and decision pursuant to the fourth sentence of 42 U.S.C. § 405(g) is warranted.

The Commissioner explains that she has contacted the plaintiff on two occasions to inquire whether the plaintiff would consent to a remand in this case. On both occasions, and in

---

[1] To protect privacy, the plaintiff's full name will not be used in this Order.

her response to the instant motion, the plaintiff argues that a finding of disability and an award of benefits is the most appropriate resolution in this case and refuses to consent to a remand. The plaintiff contends that "[s]ince there are no lingering questions of fact to be determined, only one supportable conclusion can be reached: that [the plaintiff] is disabled and entitled to an award of benefits." [DE 20 at pg. 3].

*Discussion*

The court is troubled by the plaintiff's position on the issue of remand. First, the plaintiff requested, *inter alia*, in her Complaint [DE 1] as well as her Opening Brief [DE 16], that the court remand this case for a further hearing. While the court understands that ordering a reversal and award of benefits, rather than a remand, would result in an immediate benefit to the plaintiff, a remand is also favorable to the plaintiff as it would allow for additional proceedings and a new decision.

More perplexing though, is the plaintiff's argument that there are no lingering questions of fact to be determined and therefore a finding of disability and an award of benefits is required. The Commissioner admits that the Appeals Council's findings were not consistent with the testimony of the vocational expert, which would indeed raise a question of fact. *See* **Allord v. Astrue**, 631 F.3d 411, 415 (7th Cir. 2011) (*citing* **Briscoe ex rel. Taylor v. Barnhart**, 425 F.3d 345, 355 (7th Cir. 2005)) (holding that "[a]n award of benefits is appropriate … only if all factual issues involved in the entitlement determination have been resolved and the resulting record supports only one conclusion – that the applicant qualifies for disability benefits"). The plaintiff claims that the Commissioner is asking the court to decide facts anew or reweigh evidence, but that is not the case. The Commissioner is requesting the opportunity to engage in further administrative proceedings and issue a new decision which, as stated above, could result

2

in a different conclusion than the one that the plaintiff is currently appealing before this court.

Lastly, the plaintiff argues that the "the court must undertake a restricted review of administrative determinations and is restrained from making its own appraisal of the evidentiary record," but, at the same time, wants this court to find that she is disabled and is entitled to benefits. The Seventh Circuit has held that when an ALJ's decision is not supported by substantial evidence, the appropriate remedy is to remand for further proceedings unless the evidence before the court compels an award of benefits. ***Briscoe v. Barnhart***, 425 F.3d 345, 355 (7th Cir. 2005).  The plaintiff's argument in response to the Commissioner's request for remand is far from developed enough for the court to ascertain whether the ALJ's decision was supported by substantial evidence, let alone evidence showing that an outright award of benefits is warranted.

Based on the foregoing reasons, the Motion [DE 19] is **GRANTED** and decision of the Commissioner is **REMANDED**.

ENTERED this 25th day of August, 2022.

/s/ Andrew P. Rodovich  
United States Magistrate Judge